MICHAEL HOULIHAN *vs.* CHARLES E. KELLER and another.

January 11, 1886.

**Mechanic's Lien—Action to Compel Discharge of Record.**—To show a cause of action under Gen. St. 1878, c. 90, § 15, a complaint must show that the account and affidavit filed and recorded to secure a mechanic's lien did *prima facie* secure a lien so as to create a cloud on the title. Complaint *held* not to show this.

Appeal by plaintiff from an order of the district court for Ramsey county, *Simons*, J., presiding, sustaining a demurrer to the complaint.

*F. S. Kirkpatrick, B. H. Schriber* and *John W. Willis*, for appellant.

*Horton & Morrison*, for respondents.

GILFILLAN, C. J. The complaint alleges that September 29, 1882, the defendants filed for record in the office of the register of deeds a verified account of material sold and delivered to one Potter, and a claim for a lien (for the balance due on the account) upon this plain-

tiff's land, and caused the same to be recorded; that subsequently, in an action by these defendants against this plaintiff and others, in the district court, to enforce the lien claimed, "the aforesaid claim of lien was adjudged *null* and *void*," the final judgment being entered January 8, 1885; and that January 26, 1885, this plaintiff made upon defendants a request in writing, under Gen. St. 1878, c. 90, § 15, that they lodge with the register of deeds a certificate that the said lien was removed, and releasing and discharging such lien of record, and that defendants did not, within 10 days after such request, so lodge such certificate.

Does this show a cause of action under section 15 above cited? That section clearly contemplates a case in which a lien once existed, either actually or apparently by the record, but has ceased to exist in fact, either through satisfaction or the judgment of court, and the record made by the lien claimant still remains apparently a cloud upon the title. To clear off the cloud the section gives to the land-owner the right to demand from the claimant in the case specified that he lodge with the register a certificate showing the lien removed. The complaint fails to make a case within the section. It does not even allege that there was ever a lien. It does not set forth the contents or character of the account, or of the affidavit verifying it, or of the claim of lien filed for record, so that the court can say that they secured or preserved even in appearance a lien. It shows only that some sort of verified account and claim of lien were filed, and that "the aforesaid claim of lien was adjudged null and void;" so adjudged, it is to be presumed, because the statute had not been complied with.

Order affirmed.